1  ROBERT H. PLATT (Bar No. CA 108533)
   rplatt@manatt.com
2  MARK S. LEE (Bar No. CA 094103)
   mlee@manatt.com
3  DONALD R. BROWN (Bar No. CA 156548)
   dbrown@manatt.com
4  ALEXANDRA N. Hill (Bar No. 313249)
   ahill@manatt.com
5  MANATT, PHELPS & PHILLIPS, LLP
   11355 West Olympic Boulevard
6  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
7  Facsimile: (310) 312-4224

8  Attorneys for *Plaintiff*
   TICKETMASTER L.L.C.

10 THOMAS H. VIDAL                    DONALD S. ZAKARIN
   (State Bar No. 204432)              (Pro Hac Vice Application forthcoming)
   tvidal@pryorcashman.com             dzakarin@pryorcashman.com
11 BENJAMIN S. AKLEY                   ILENE S. FARKAS
   (State Bar No. 278506)              (Pro Hac Vice Application forthcoming)
12 bakley@pryorcashman.com             ifarkas@pryorcashman.com
   PRYOR CASHMAN LLP                   BENJAMIN K. SEMEL
13 1801 Century Park East, 24th Floor  (Admitted Pro Hac Vice)
   Los Angeles, California 90067-2302  bsemel@pryorcashman.com
14 Phone: (310) 556-9608               PRYOR CASHMAN LLP
   Fax: (310) 556-9670                 7 Times Square
15                                     New York, New York 10036
                                       Phone: (212) 326-0181
16                                     Fax: (212) 798-6326

17 Attorneys for *Defendants*
   Prestige Entertainment West, Inc., Renaissance Ventures LLC,
   Nicholas Lombardi, and Steven K. Lichtman

18
19              UNITED STATES DISTRICT COURT
20              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21 TICKETMASTER L.L.C., a Virginia limited liability company, | **DISCOVERY MATTER** |
| 22 Plaintiff, | Case No. 17-cv-07232-ODW (JCx) |
| 23 vs. | Hon. Otis D. Wright II |
| 24 PRESTIGE ENTERTAINMENT WEST, INC., a California corporation, RENAISSANCE VENTURES LLC, a Connecticut limited liability company, NICHOLAS LOMBARDI, STEVEN K. LICHTMAN, and DOES 1 through 10, inclusive, Defendants. | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** Compl. Filed: Oct. 2, 2017 |

Plaintiff Ticketmaster L.L.C. ("Ticketmaster") and defendants Prestige Entertainment West, Inc., Renaissance Ventures L.L.C., Nicholas Lombardi, and Steven K. Lichtman ("Defendants") (collectively, the "Parties" and each individually, a "Party"), by and through their respective counsel of record, hereby agree and stipulate to the terms and conditions of this Stipulated Protective Order ("Protective Order") to facilitate the exchange and discovery of information, documents, and other materials that may be confidential or subject to limitations on disclosure under federal laws, state laws, or privacy rights in the above-captioned action (the "Action").

1. **Scope of Protective Order.** All information, testimony, documents, or materials filed with the Court, or produced or supplied during discovery in this Action, whether by a Party or nonparty, shall be governed by this Protective Order, including, without limitation, all transcripts, exhibits, and answers to discovery requests; all documents or information otherwise obtained from a Party or nonparty during discovery in connection with this Action; and all other documents and materials. Notwithstanding anything to the contrary herein, this Protective Order does not govern the use of Confidential Information or Highly Confidential Information (both as defined below) presented or proffered during **court hearings or** the trial in this Action.

2. **"Confidential Information" Defined.** "Confidential Information" means trade secret information as defined under 18 U.S.C. § 1839(3) or Cal. Civ. Code § 3426.1, or other sensitive, confidential, proprietary, private, nonpublic, or commercial information, documents, or other materials designated as Confidential Information by the Party or nonparty producing such items (the "Designating Party") as provided herein.

3. **"Highly Confidential Information" Defined.** "Highly Confidential Information" means Confidential Information that would be inherently harmful to the Designating Party's business if viewed by or produced to any of the Parties in

this Action. "Highly Confidential Information" may include the Designating Party's proprietary financial information or reports, to the extent any such information or reports is not a basis for any claim for damages in this Action. Designations of "Highly Confidential" shall constitute a representation that such material has been reviewed by the Designating Party's counsel and that there is a valid basis for such designation because the material is highly confidential, the disclosure of which is likely to be commercially damaging to the Designating Party.

**4. <u>Designation of Confidential or Highly Confidential Information.</u>** Confidential or Highly Confidential Information shall be designated as such by the Designating Party before he, she, or it serves, discloses, delivers, or makes available for inspection and copying any documents or materials containing Confidential or Highly Confidential Information, as follows.

(a) <u>Documents other than Native Files.</u> By affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document containing Confidential or Highly Confidential Information.

(b) <u>Deposition Testimony.</u> By designating the portion of a deposition transcript containing Confidential or Highly Confidential Information as "Confidential" or "Highly Confidential," affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page containing Confidential or Highly Confidential Information, and marking the audiovisual (videotape) recording as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (if applicable).

(c) <u>Native Files.</u> By inserting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" into the file name.

(d) <u>DVDs and Other Tangible Items.</u> By affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container(s) in which the Confidential or Highly Confidential Information is stored.

(e) <u>Multiple Designations.</u> If a document has more than one designation, the more restrictive or higher confidential designation applies.

**5. <u>Inadvertent Failure to Designate as Confidential or Highly Confidential.</u>** A Party or nonparty who inadvertently fails to mark an item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (or equivalent thereof) at the time of production shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information, documents, or materials disclosed or as to any other information, documents, or materials regarding the same or related subject matter.

(a) <u>Correction by Producing Party.</u> Any such undesignated information, documents, or materials shall be designated as Confidential or Highly Confidential as soon as reasonably possible after the producing Party or nonparty becomes aware of the failure to have designated, by making the correction and providing notice thereof in writing, accompanied by substitute copies of each item appropriately marked. Within five days of receipt of the substitute copies, all receiving Parties shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

(b) <u>Correction by Other Parties.</u> Any other Party or nonparty bound by this Protective Order may, under the same restrictions set forth in Paragraph 5(a) above, designate as Confidential or Highly Confidential any documents or materials that such Party or nonparty believes to warrant a Confidential or Highly Confidential designation. The terms of Paragraph 5(a) apply to a non-producing party's corrections.

**6. <u>Challenge to Confidential or Highly Confidential Designation</u>**.

(a) <u>Challenge to Designation.</u> Any Non-Designating Party may challenge a Confidential or Highly Confidential designation at any time **consistent with the District Judge's Scheduling Order**. A failure of any Party to challenge expressly a designation of Confidential or Highly Confidential shall not constitute a

3     STIPULATED PROTECTIVE ORDER

waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential or Highly Confidential information or is not an appropriate designation for any reason.

    (b) <u>Procedures for Challenge</u>. Any Party that disagrees with the designation of any information as Confidential or Highly Confidential (the "Challenging Party") may notify the Designating Party in writing (and any non-Party Designating Party). Any challenge shall follow the procedures for seeking judicial intervention for discovery disputes, as set forth in Local Rule 37-1 et seq. After the initial notice of the challenge, the Parties shall meet and confer in a good faith effort to resolve the issue. If judicial intervention is still necessary, any challenge shall be submitted to the Court via a joint stipulation pursuant to Local Rule 37-2. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the Designating Party. The designated documents shall be treated as Confidential or Highly Confidential (as originally designated) under this Order until the Court rules on the challenge. If the Designating Party fails to move the Court in accordance with this Paragraph, or if the Court finds the designation of Confidential or Highly Confidential to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential or Highly Confidential under this Order. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other Parties) may expose the Challenging Party to sanctions.

  **7.** **<u>Other Limitations on the Scope of this Order</u>**. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

  **8.** **<u>Access to Confidential Information.</u>** All Confidential Information produced or disclosed by a Designating Party shall be provided only to:

(a) a Party, including, in the case of an entity, its directors, officers, managers, employees, and in-house counsel and staff;

(b) a Party's outside counsel, including counsel's paralegals, clerical staff, experts, and consultants;

(c) a Party's insurers, auditors, accountants, and regulators;

(d) any other person or entity to whom/which a Party is statutorily obligated to provide such Confidential Information;

(e) any experts, consultants, mediators, arbitrators, vendors, stenographers, court reporters, and deposition videographers retained by a Party in connection with this litigation;

(f) the Court and all necessary Court personnel;

(g) deposition and trial witnesses in this Action; *provided, however,* that such witnesses may not retain any such Confidential Information following their appearance for deposition or trial testimony; and

(h) such other persons or entities as hereafter may be designated by written stipulation of all the Parties, by further order of the Court on the motion of any Party, or by subpoena for which no timely protective order is obtained pursuant to Paragraph 16 below.

**9.** **Access to Highly Confidential Information.** Highly Confidential Information may only be disclosed to persons identified in Subparagraphs 8(b)-(f) and 8(h), above, and to persons identified in Subparagraph 8(g) above to the extent the witness currently has or would be expected to have knowledge of the contents of the document, and to no one else.

**10.** **Experts and Consultants.** All experts and consultants shall comply with the following instructions before being provided with any Confidential or Highly Confidential Information:

(a) Read this Protective Order in its entirety; and

(b) Sign a copy of the Declaration and Acknowledgment attached hereto as Exhibit A (the "Acknowledgment"), signifying their agreement to the provisions of this Protective Order and to the Court's jurisdiction over any proceedings concerning this Protective Order or any of its terms. Failure to sign a copy of the Acknowledgement shall not constitute a failure to comply with the terms of the Protective Order if such failure resulted from inadvertence or mistake.

**11. <u>Use of Confidential or Highly Confidential Information.</u>** All Confidential or Highly Confidential Information shall be used only in connection with this Action or efforts to settle this Action, as well as any related insurance claims, audits, regulatory disclosures or accounting work**, unless otherwise ordered by the Court**. No Confidential or Highly Confidential Information shall be used in connection with any other lawsuit or dispute, or for any business or personal use whatsoever, without the prior written approval of the Designating Party**, unless otherwise ordered by the Court**. In the event that any Confidential or Highly Confidential Information is used in any pretrial proceeding in this Action (including but not limited to conferences, oral arguments, or hearings), the Confidential or Highly Confidential Information shall not lose its status as Confidential or Highly Confidential Information as a result of such use.

**12. <u>Submission of Confidential or Highly Confidential Information to the Court.</u>** All documents of any nature, including, without limitation, pleadings, motions, affidavits, briefs, declarations, and exhibits, that are filed with the Court for any purpose and that contain or constitute Confidential or Highly Confidential Information shall be requested to be filed under seal in accordance with the Local Rules of the Central District of California and the Court's rules, as applicable.

**13. <u>Improper Disclosure of Confidential or Highly Confidential Information.</u>** If any Confidential or Highly Confidential Information is disclosed to any person or entity other than in a manner authorized by this Protective Order, the Party responsible for or having knowledge of such disclosure shall, upon

discovery of the disclosure, immediately (a) inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the Party responsible for or having knowledge of the disclosure (including, without limitation, the name, address, and employer of the person or entity to whom the disclosure was made); (b) make all reasonable efforts to prevent further disclosure by each unauthorized person or entity who received such information; and (c) inform the person or entity to whom unauthorized disclosure of Confidential or Highly Confidential Information was made of the terms of this Protective Order and attempt to have that person or entity sign the Acknowledgement.

**14. Remedies.** To enforce rights granted by this Protective Order or in the event of a dispute arising thereunder, the Parties—and, if applicable any Designating Party that is not a party in this Action—shall first seek to resolve the issue through prompt and reasonable discussion. In the dispute cannot be resolved, the Designating Party shall raise the issue with the Court, who shall have jurisdiction to fashion any necessary remedies to the extent permitted by law.

**15. Jurisdiction.** The Parties agree that during the pendency of this Action, the Court has the jurisdiction to enforce this Protective Order and any orders issued pursuant thereto. Each person examining or receiving Confidential or Highly Confidential Information disclosed in this Action, including any digests, summaries, or abstracts thereof, hereby agrees to be subject to the jurisdiction of the Court or proceedings concerning this Protective Order.

**16. Subpoenas and Other Disclosures Required by Law.** If any Party or person subject to this Protective Order who has custody of any Confidential or Highly Confidential Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential or Highly Confidential Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission to all

counsel of record in this Action—and, if applicable, to any Designating Party that is not a party in this Action—within seven calendar days of receiving the Subpoena, and shall furnish such counsel with a copy of the Subpoena, **unless otherwise required by the law or court order**. Upon receipt of that notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential or Highly Confidential Information, or seek to obtain confidential treatment of such Confidential or Highly Confidential Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any information, documents, or other materials containing Confidential or Highly Confidential Information in response to a Subpoena before the date specified for production in the Subpoena.

**17. Party May Knowingly Waive Applicability of This Stipulation and Protective Order.** This Stipulation and Protective Order is entered into without prejudice to the right of any Designating Party to knowingly waive the applicability of this Protective Order to any Confidential or Highly Confidential Information designated by the Designating Party. If the Designating Party uses Confidential or Highly Confidential Information in a non-Confidential manner, then the Designating Party shall advise all other Parties that the designation no longer applies. A failure of the Designating Party to comply with its obligation to advise all other Parties that the designation no longer applies shall not be a condition precedent to the de-designation of the applicable information.

**18. Binding Effect After Conclusion of This Action.** This Stipulation and Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from or relating to this Action, except that a Party may seek a court order or the written permission of the Designating Party for relief from the provisions of this Protective Order.

**19. Return or Destruction of Confidential or Highly Confidential Information upon Termination of the Action.** Upon written request made after the final determination of the Action and expiration of any and all rights of appeal, settlement or other termination of the Action, the Parties shall have 60 days to either (a) promptly return to counsel for each Designating Party all Confidential or Highly Confidential Information and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, any pleading filed with the Court, and copies of any deposition transcript together with the exhibits marked at the deposition); (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential or Highly Confidential Information; or (c) as to any documents, testimony, or other evidence not addressed by sub-paragraphs (a) and (b), request a conference with the Court regarding proper preservation of such materials.

**20. Submission to Court for Approval.** After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for approval and entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential or Highly Confidential Information that has been produced before the Court signs this Stipulation and Protective Order.

**21. Agreement to be Bound.** The Parties and all signatories to the Certification attached hereto agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential or Highly Confidential Information under the terms herein.

**22. No Waiver of Privilege.** This Protective Order does not require the production of any privileged documents. By agreeing to abide by this Protective Order, the Parties do not waive any privilege that they may be able to assert as the basis for refusing to produce Confidential or Highly Confidential Information. In the event that a Party inadvertently produces privileged documents and subsequently notifies the all receiving Parties that the privileged documents should not have been produced, the receiving Parties shall immediately return the originals and all copies of the inadvertently produced privileged documents. The Parties agree that the procedures set forth in Federal Rules of Evidence 502(e) shall apply in such circumstances.

Dated: April 20, 2018    MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert H. Platt*
Robert H. Platt
Attorneys for *Plaintiff*
TICKETMASTER L.L.C.

Dated: April 20, 2018    PRYOR CASHMAN LLP

By: */s/ Thomas H. Vidal*
Thomas H. Vidal
Attorney for *Defendants*
PRESTIGE ENTERTAINMENT WEST INC., RENAISSANCE VENTURES LLC, NICHOLAS LOMBARDI, STEVEN K. LICHTMAN

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on April 25, 2018 in the case of *Ticketmaster L.L.C. v. Prestige West Entertainment, Inc. et al.,* Case No. 17-cv-07232-ODW (JCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and any subsequent modifications thereto. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order, including any documents, or copies of documents, designated "Confidential" or "Highly Confidential," to any person or entity except in strict compliance with the provisions of this Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

Upon written request I shall, within 30 days, return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices of or relating to such documents.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the items of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____as my California agent for service of process in

/ / /

/ / /

connection with this action or any proceedings related to enforcement of this Joint Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____
Printed name: _____

Signature: _____

# **ORDER**

The Court has received and reviewed the foregoing Stipulated Protective Order Regarding Confidential Information.

NOW THEREFORE, for good cause shown, the Court hereby **ORDERS** that the parties and their respective counsel in this action shall be governed by the terms and conditions of this Stipulated Protective Order, as modified by the Court. <u>See</u> Modifications – in bold-faced print -- made by the Court to Paragraphs 1, 6(a), 11 and 16.

**IT IS SO ORDERED.**

Dated: April 25, 2018              _____/s/_____
                                                  Honorable Jacqueline Chooljian
                                                  United States Magistrate Judge

320154119.2